IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

FEBRUARY TERM, 1916.

---

NICOLA CARUSO ET AL. v. TOWN OF MONTCLAIR.

Argued November 3, 1915—Decided March 2, 1916.

1. The purpose of the seventieth section of the Road act (*Comp. Stat., p.* 4461) is to provide a method by which the owner of improved property may obtain compensation for damage done thereto by a lawful change of the grade of the highway upon which such property abuts, and the limitation imposed upon the right of an action created thereby, viz., that it must be brought within twelve months after "the working of any such grade," applies only to cases where the changes of grade were lawfully made by the municipality.

2. For the unlawful excavation of a public highway in front of a man's property by municipal agents, and the consequent injury resulting therefrom, an action will lie unless a public nuisance is created as well as a private injury inflicted.

---

On motion to strike out complaint.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

405

For the motion, *Hartshorne, Insley & Leake.*

*Contra, Wilbur A. Heisley* and *Gaetano M. Belfatto.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The complaint under consideration was filed August 30th, 1915. It avers that the plaintiffs are the owners of a certain lot of land in the town of Montclair, fronting on a public highway of that municipality, known as Bay street; and that upon said lot a house and other buildings have been erected, either by the plaintiffs or their predecessors in title. It then avers that the defendant, on the 1st day of January, 1913, unlawfully altered the grade of that part of Bay street upon which the plaintiffs' lot fronts, and took away and removed the ground which supported the buildings upon the lot, and so undermined and weakened them and their foundations as to make them untenantable.

The single ground upon which the defendant rests its motion to strike out the complaint is that a right of action for injury done to private property by a change of the grade of the street whereon such property fronts exists solely by virtue of the seventieth section of the Road act; and that the present suit was not begun within the time limit fixed by that enactment.

The section provides that an action shall lie in behalf of any person owning any house or other building standing and erected upon any street or highway the grade whereof shall be altered "by virtue of the ordinance, resolution or other proceeding of the legislative authority of any city, borough or other municipality of this state, to recover from such municipality all damages which such owner shall suffer by reason of altering any such grade; provided, that no such action shall be brought after the expiration of twelve months from the working of any such grade." *Comp. Stat., p.* 4461. The legislative purpose exhibited in it is the providing of a method for the obtaining of compensation by owners of improved property for damages sustained by reason of the *lawful* change of the grade of the highway upon which such property abuts.

Except for statutory provisions of this kind no right of action exists in favor of a property owner for injuries *so* resulting to improved real estate. But this exemption from liability only existed where the change in the grade made by municipalities was in the execution of powers conferred upon their governmental agencies. The unlawful excavation of a public highway in front of a man's property by municipal agents, and the consequent injury to him resulting therefrom, was always actionable unless such public misfeasance created a public nuisance as well as inflicted a private injury. Where a public nuisance is created, which is to be remedied by indictment, such public wrong cannot constitute the basis of a civil action by an individual who has suffered particular damage therefrom. But where such public misfeasance has resulted, not in the creation of a public nuisance for which an indictment would lie, but solely in the infliction of a private injury to the property of an individual, a remedy therefor by civil action exists in favor of the party damnified. *Jersey City* v. *Kiernan,* 50 *N. J. L.* 246; *Waters* v. *Newark,* 56 *Id.* 361.

The cause of action set out in the present complaint is not one given by the statute for injuries resulting to an abutting property owner from a lawful change in the grade of a highway, but one which rests upon an act not only unauthorized by the legislature, but done in violation of law.

The question whether the unlawful change in the highway in front of the plaintiffs' premises constituted a public nuisance is not raised by the motion papers, and, consequently, is not before us for consideration. The sole ground upon which the motion was rested being untenable it must be denied.

The plaintiffs are entitled to costs.